UNITED STATES of America, Plaintiff,

v.

Mark CALDWELL and Shelly Jones, Defendants.

Nos. 92–40060–01–DES, 92–40060–02–DES.

United States District Court, D. Kansas.

March 1, 1993.

Lee Thompson, U.S. Atty., Gregory G. Hough, Asst. U.S. Atty., for U.S.

Marilyn M. Trubey, Asst. Federal Public Defender, Topeka, KS, for Caldwell.

J. Richard Lake, Topeka, KS, for Jones.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the virtually identical motions of the defendants to dismiss the indictment on the basis of double jeopardy (Docs. 14 and 15), and on defendant Caldwell's motion to enforce a plea agreement on which he allegedly based his plea in state court (Doc. 13).

■ *Double Jeopardy.* The defendants argue they were sentenced in state court to a term of imprisonment in part on the basis of the presence of firearms found in the vicinity of the narcotic drugs that were the basis of the charges in state court. They contend that the prosecution for use of a firearm in connection with a drug trafficking offense therefore violates the double jeopardy bar of the Fifth Amendment.

■ However, the dual sovereignty exception to the double jeopardy clause permits a subsequent federal prosecution following a conviction or sentence in state court based upon the same offense. *See Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). The defendants' motions to dismiss the indictment on the basis of double jeopardy are therefore denied.

■ *Plea Agreement.* Defendant Caldwell seeks specific enforcement of what he contends was the plea agreement entered into in state court, citing *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). He alleges that as part of the agreement, the Shawnee County District Attorney's office agreed not to pursue federal charges. He also contends that Randy Hendershot, the prosecutor in state court, represented to defendant's counsel that federal charges had been declined. Defendant contends that he relied on these representations in pleading in state court to an amended charge of attempted possession of cocaine.

In response, the government has submitted the affidavit of Randy Hendershot. He asserts in the affidavit that no direct negotiations occurred concerning federal prosecution, and if the United States Attorney's office had declined to pursue federal charges as a part of such plea negotiations, that agreement would have been memorialized in writing.

It is undisputed that Mr. Hendershot has been deputized as a special agent of the United States Attorney's office. However, Mr. Hendershot asserts in his affidavit that his authority as such does not permit him to bind the United States Attorney, and he

denies representing that he had such authority. While he admits telling defense counsel that the "feds were not interested," he does not recall specifically discussing the firearms as a possible basis for federal prosecution. Mr. Hendershot asserts that the plea agreement did not include a promise or condition regarding forbearance of federal prosecution.

At the hearing on this motion, the defendant presented the testimony of Mr. William Rork, Caldwell's defense counsel in state court. Mr. Rork testified that according to common practice in Shawnee County District Court, plea agreements are not reduced to writing. Evidence was presented that Mr. Hendershot filed a motion in state court seeking an order of forfeiture of the firearms pursuant to K.S.A. 22–2512 and 21–4206, which the defendant offers in support of his contention that Mr. Hendershot had agreed not to pursue federal charges on the basis of the firearms.

The transcript of the sentencing hearing, admitted into evidence as Defendant's Exhibit No. 404, indicates that the state court granted the motion pursuant to K.S.A. 22–2512. Because the defendant was not prosecuted in state court for a firearms offense, the state court quite correctly determined that K.S.A. 21–4206 was inapplicable. While neither the motion nor the state court order have been admitted into evidence in this proceeding, the transcript indicates that the judge ordered the firearms turned over to the sheriff. K.S.A. 22–2512(1) permits the court to transfer such property to the jurisdiction of any other court, including the federal court, if needed as evidence in any prosecution. This court therefore finds unpersuasive the defendant's argument that the filing of the motion by the Shawnee County District Attorney necessarily indicates that the state intended to preclude federal prosecution on the basis of the firearms.

Also admitted into evidence at the hearing were letters written by Mr. Rork to the United States Attorney's office seeking a decision on whether the federal prosecutor would seek an indictment against Caldwell. He also wrote simultaneously to Mr. Hendershot indicating that he had written to the United States Attorney's office requesting that it decline jurisdiction. Mr. Greg Hough, Assistant United States Attorney, eventually wrote back to Mr. Rork explicitly declining to make a prosecution decision pending analysis of the reports by the Bureau of Alcohol, Tobacco and Firearms. Mr. Hough's letter indicates that Mr. Rork would be contacted at the appropriate time regarding the decision of the United States Attorney's office. There is no evidence that Mr. Hough or any other employee of the United States Attorney's office ever notified Mr. Rork that the United States Attorney's office declined to pursue charges against Mr. Caldwell. Nor is there any evidence that Mr. Hendershot, as a special agent of the United States Attorney's office, did anything inconsistent with his representations to Mr. Rork concerning his belief that the federal prosecutors were not interested in pursuing charges against Caldwell. There is therefore insufficient evidence to support a conclusion that the United States Attorney's office agreed not to prosecute Mr. Caldwell as part of the plea agreement in state court, or that Mr. Hendershot acted in a manner inconsistent with his representations to defendant Caldwell in plea negotiations.

The fact that Mr. Rork specifically sought a decision from Mr. Hough, Assistant United States Attorney, regarding whether or not the United States Attorney's office would prosecute renders unpersuasive Mr. Rork's testimony that he relied on the oral representations of Mr. Hendershot that the federal prosecutors were not interested in pursuing charges. Even if he did, such reliance was not reasonable under the circumstances. Hence, the evidence is insufficient to permit the court to conclude that the plea agreement included a condition that the federal government decline prosecution for use of the firearms.[1] It follows that the evidence is

---

1. Compare *Santobello v. New York*, 404 U.S. at 262, 92 S.Ct. at 498, in which the state conceded that it had promised in plea negotiations to abstain from making a sentencing recommendation. There was no question in that case that the state breached its promise to the defendant. In this case, however, the state denies promising the defendant anything concerning federal prosecution.

insufficient to support the defendant's contention that prosecution of this indictment amounts to a breach of the plea agreement.

**IT IS BY THE COURT THEREFORE ORDERED** that the motion of defendant Caldwell to enforce the plea agreement (Doc. 13) is hereby denied.

**IT IS FURTHER ORDERED** that the defendants' motions to dismiss on the basis of double jeopardy (Docs. 14 and 15) are hereby denied.

**IT IS FURTHER ORDERED** that defendant Caldwell's motion to join (Doc. 12) is moot.